UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELOY PADILLA-SALDANA, | Case No. 3:18-cv-00549-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.,* | |
| Respondents. | |

This *pro se* habeas matter by Petitioner Eloy Padilla-Saldana ("Petitioner" or "Padilla-Saldana") under 28 U.S.C. § 2254 comes before the Court on his motion for extension of time (ECF No. 7).

Padilla-Saldana challenges his July 9, 1997, Nevada state judgment of conviction for, *inter alia*, second-degree murder with the use of a deadly weapon.[1] He challenged the same judgment of conviction previously in this Court nearly sixteen years ago in in Case No. 3:03-cv-00394-LRH-VPC. The Court dismissed the 2003 petition as untimely, and the Court of Appeals denied a certificate of appealability (COA).

On May 6, 2019, the Court ordered Padilla-Saldana to show cause within 30 days why the petition should not be dismissed as a second or successive petition. (ECF No. 6.) In the present motion for an extension, dispatched on or about June 2, 2019, Padilla-Saldana suggests that the Court gave him thirty days "to show proof that he has been granted leave by the Ninth Circuit Court of Appeals . . . to file a second or successive petition." (ECF No. 7 at 1–2.) He acknowledges: "It has not." (*Id.*, at 2.) Padilla-Saldana

---

[1] The Court has taken judicial notice of the online docket records of the state courts and the record in its prior action, as detailed further in the order to show cause. (ECF No. 6.) The Court briefly summarizes the more extended background recital in that order.

1

asserts that he filed such a petition to file a second or successive petition in the Court of Appeals on or about May 24, 2019, in No. 19-71305 in that court. (*Id.*) Padilla-Saldana requests an extension of ninety (90) days "to submit [to this Court] the Ninth Circuit's grant, or denial of his request for permission to file a second or successive petition." (*Id.*, at 2–3.)

Padilla-Saldana misconstrues the Court's show-cause order. The order did not give Petitioner 30 days to obtain permission from the Court of Appeal to file a second or successive petition. The order instead gave him 30 days to show cause why the present petition should not be dismissed as a second or successive petition. The governing law requires that a habeas petitioner must seek authorization in the court of appeals to file a second or successive petition before the petition is filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Padilla-Saldana clearly did not do so. The current petition therefore will be dismissed without prejudice unless Padilla-Saldana can demonstrate that for some reason the petition does not constitute a second or successive petition under the governing law.[2]

A dismissal of the present petition without prejudice would not materially impact the analysis of, *inter alia*, the application of the federal limitation period to a new petition filed in a new action following upon any later grant of permission by the Court of Appeals to Padilla-Saldana to pursue a second or successive petition.[3]

---

[2]Review of the state district court online docket sheet does not reflect that any amended or corrected judgments of conviction have been entered in that court since the original judgment of conviction in 1997, or in particular since the dismissal of the prior federal petition as untimely and the denial of a COA in 2005.

[3]The record in the prior federal action reflects that the federal limitation period expired over sixteen years ago on May 15, 2003. (*See* No. 3:03-cv-00394, ECF No. 29 at 2.) Padilla-Saldana premises his petition for authorization in the Ninth Circuit in part upon an attempted showing of actual innocence. If the Court of Appeals ultimately were to conclude that Petitioner's showing satisfied the rigorous requirements of 28 U.S.C. § 2244(b)(2)(B), then Padilla-Saldana still would be able to rely upon actual innocence to seek to overcome the federal time-bar in a new action to the same extent as he would be able to in the present action. The Court notes in this regard, with deference to the Ninth Circuit's consideration of the issue, that the Nevada Court of Appeals has considered

The Court therefore will grant Padilla-Saldana's request for an extension of time only in part and only for a brief period of time to actually respond to the show-cause order. No further extensions of time will be considered or granted. If Petitioner does not timely respond and instead seeks another extension of time, the Court will dismiss the action without prejudice without further advance notice. With the extension granted herein, Padilla-Saldana will have had more than adequate time to respond to the order.[4]

It is therefore ordered that Petitioner's motion for an extension of time (ECF No. 7) is granted in part and denied in part such that Padilla-Saldana must dispatch a reply to the show-cause order (ECF No. 6) within 21 days of entry of this order. If he fails to timely do so, or if he fails to demonstrate adequate cause, this action will be dismissed without prejudice without further advance notice.

DATED THIS 10th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

Padilla-Saldana's reliance upon actual innocence to overcome state procedural bars. The state appellate court concluded, following a discussion of Padilla-Saldana's proffered new evidence and the trial evidence, that Petitioner could not satisfy the actual-innocence standard in *Schlup v. Delo*, 513 U.S. 298 (1995). (*See* ECF No. 1 at 20–22.) The *Schlup* standard is less rigorous than the standard applicable under § 2244(b)(2)(B). *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015). In all events, if this action were dismissed without prejudice and the Ninth Circuit later were to grant Padilla-Saldana permission to pursue a second or successive petition, his ability to litigate the federal time-bar issue would not be materially impacted by the dismissal of this action.

[4]The Court notes that a show-cause order is not necessarily inexorably required prior to a dismissal of a petition as second or successive, although issuance of a show-cause order arguably is the better practice. *Cf. Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (holding that the district court erred by dismissing a petition *sua sponte* for untimeliness without first issuing a show-cause order but making no such holding also as to the successive-petition basis for dismissal, which was reversed on other grounds).

3